UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE L. WASHINGTON,
a/k/a JANICE L. PETERSON,

      Plaintiff,

v.                       CASE No. 8:13-CV-1783-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of
her claims for Social Security disability benefits and supplemental security
income payments.* Because the decision of the Commissioner of Social
Security fails to evaluate an alleged eye impairment, the Commissioner's
decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-seven years old at the time of the
administrative hearing and who has the equivalent of a high school education,

_____

*The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 15).

has worked as a cashier, certified nursing assistant, and nanny (Tr. 41, 43, 49, 153). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to arthritis in her back, right knee pain, and a sciatic nerve problem (Tr. 152). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "bipolar II disorder, panic disorder without agoraphobia, generalized anxiety disorder (GAD), lumbar strain, sacroilitis, hip strain, knee strain, hypertension and diabetes mellitus" (Tr. 24). He concluded that, with these impairments, the plaintiff (Tr. 27):

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with a sit/stand option; no climbing ladders, ropes and scaffolds; no climbing ramps/stairs; no balancing; no exposure to hazards or vibrating machinery; no driving; and is simple with one-two step instructions, low stress and no public contact.

The law judge determined that these restrictions prevented the plaintiff from returning to her past relevant work (Tr. 31). However, based on the testimony

of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as stenciler and almond blancher (Tr. 31-32). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 32). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on several grounds. One of the contentions is that the law judge erred in assessing the plaintiff's residual functional capacity when he failed to consider properly the plaintiff's eye impairment. That argument has merit and warrants remand.

At the administrative hearing, the following exchange occurred between the plaintiff and her attorney (Tr. 52):

> Q: I think. Let me check something here. Oh, I do have – you have glasses now?
>
> A: Yes.
>
> Q: Are you able to see okay?

A: Not, no.  Sometimes when I wake up in the morning to look at something it's real blurry, and I have to wait and wait and really try to focus to see. And my doctor sent me to the eye doctor and they told me that there was no help, I think for my right eye.  That it's nothing that, they did all the tests.

Q: Do you have difficulty telling how far things are away?

A: Yeah.

This testimony is supported by medical records from the Johnnie Ruth Clarke Health Center.  On May 5, 2010, Steven A. Riczu, an ARNP, assessed the plaintiff with retinopathy and referred her to an ophthalmologist (Tr. 398).  Subsequently, in March 2011, the plaintiff complained to Riczu of "vision problems" (Tr. 358).  At that time, Riczu noted that he discussed an eye examination with the plaintiff, and, in connection with the plaintiff's diabetes mellitus type 2, the plaintiff was referred to an ophthalmologist (Tr. 360, 421).  A Patient Chart Report dated December 1, 2011, states that the plaintiff's retinopathy was chronic and active, and the last assessment remained unchanged (Tr. 523).

In addition, Dr. Robert Shefsky, a consultative examiner, measured the plaintiff's uncorrected vision in December 2009 (Tr. 299). Dr. Shefsky indicated that the plaintiff's uncorrected vision was 20/40 on the right, 20/200 on the left, and 20/40 with both eyes (id.).

The law judge "must state specifically the weight accorded each item of [impairment] evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Moreover, the law judge must consider the combined effects of impairments and make specific and well-articulated findings regarding those effects. Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987). Notably, the law judge acknowledged that, in making his determination of the plaintiff's residual functional capacity, he "must consider all of the claimant's impairments, including impairments that are not severe" (Tr. 23).

There is no mention in the law judge's decision of the plaintiff's testimony regarding her alleged eye impairment or of Dr. Shefsky's examination of the plaintiff's uncorrected vision. Further, although the law judge acknowledges in his decision the diagnosis of retinopathy (Tr. 30), he

does not discuss whether the plaintiff's retinopathy is a severe impairment. The failure to evaluate that problem constitutes reversible error.

The significance of the flawed evaluation is reflected in the hypothetical questions asked of the vocational expert. When the law judge asked the expert whether an individual who had the functional limitations set out in the residual functional capacity finding could perform work in the national economy, the expert stated that the individual could work as a stenciler or an almond blancher. However, when the expert was asked to assume that the hypothetical individual required limitations for only occasional near acuity and depth perception, she responded that the individual could not perform the jobs she identified (Tr. 52-53). Nevertheless, the law judge found that the plaintiff could work as a stenciler or almond blancher and therefore was not disabled.

Under these circumstances, an evaluation of the plaintiff's eye impairment needed to be made. Moreover, a reasonable and specific finding concerning the functional limitations arising from the eye impairment, if any, was required.

The Commissioner asserts that the plaintiff did not complain of a visual impairment and therefore the law judge had no obligation to consider that condition (Doc. 19, p. 11). However, the plaintiff, as indicated, expressly testified to vision problems at the hearing (Tr. 52).

Moreover, in a pre-hearing memorandum, the plaintiff's attorney alleged that the plaintiff has the severe impairment of visual acuity problems (Tr. 117). The memorandum also claimed that the plaintiff's residual functional capacity should include a limitation to only occasional near acuity activities (Tr. 121). These matters fairly raised the issue of an eye impairment. Consequently, the law judge should have evaluated that alleged impairment.

The Commissioner seems to suggest that there was not evidence of an eye impairment (Doc. 19, p. 11). However, the plaintiff testified to impaired vision. Further, Dr. Shefsky measured the plaintiff's vision as 20/40 on the right, 20/200 on the left, and 20/40 with both eyes. Also, ARNP Riczu assessed retinopathy.

The Commissioner correctly points out that Dr. Shefsky did not diagnose the plaintiff with any visual impairments (id.). Nevertheless, Dr.

Shefsky's report indicates that the plaintiff's uncorrected vision is impaired. That evidence cannot be discounted simply because Dr. Shefsky did not label his findings as a "diagnosis."

Finally, the Commissioner contends that Riczu is not an acceptable medical source (id.). However, while Riczu is not considered an acceptable medical source under the regulations, see 20 C.F.R. 404.1513(a), 416.913(a), his information must be considered in determining whether the plaintiff has an eye impairment. Social Security Ruling 06-03P, 2006 WL 2329939 (S.S.A.).

Significantly, at this point, the question is simply whether the plaintiff has a medically determinable eye impairment, not whether the impairment is severe. The evidence raised the issue of whether the plaintiff has an eye impairment, and, thus, the law judge was required to assess that condition. Gibson v. Heckler, supra, establishes that the failure to consider the evidence of an eye impairment warrants a remand.

As indicated, the plaintiff raises other challenges to the law judge's decision. In view of the remand, it is unnecessary to address those contentions, since following the remand a new decision will be issued and the

-10-

specific challenges may be rendered moot.  Notably, the plaintiff does not

argue that any of the other contentions support, at this point, an award of

benefits.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and

the matter is **REMANDED** for further consideration.  The Clerk shall enter

judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this _17_th day of

September, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE